**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0790-19

SCOTT GOLDBERG,

     Plaintiff-Respondent,

v.

SOCIETY HILL EAST
CONDOMINIUM
ASSOCIATION, INC.,

     Defendant-Appellant.

_____

        Submitted December 2, 2020 – Decided March 11, 2021

        Before Judges Whipple and Firko.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3284-16.

        Ansell Grimm & Aaron, PC, attorneys for appellant (Mark M. Wiechnik, Nicole D. Miller and David J. Byrne, on the briefs).

        Law Offices of John T. Bazzurro, LLC, attorneys for respondent (David P. Levine, on the brief).

PER CURIAM

Defendant Society Hill East Condominium Association, Inc. (the Association) appeals the orders of September 27, and October 2, 2019, awarding counsel fees. We reverse and remand for further findings.

Plaintiff Scott Goldberg, a condominium owner, filed suit against the Association after a fire damaged his unit. Plaintiff then filed a complaint seeking damages and injunctive relief so he could begin repairing the unit. After plaintiff refused to pay common expense assessments to the Association, the Association filed an answer and counterclaim to plaintiff's complaint.

In its counterclaim, the Association sought unpaid homeowner's association fees. Plaintiff argues the Association refused to make the necessary repairs to the unit and failed to meet its responsibility in compensating him for repairs he made. Following discovery, the Association moved for summary judgment against plaintiff. In September 2018, the trial court issued an order granting the Association's motion for unpaid Association dues. However, the judge reserved decision on defendant's request for attorney's fees, pending adjudication of plaintiff's complaint.

A-0790-19

The Association filed an offer of judgment on July 13, 2018, and the parties' claims were ultimately settled by a consent judgment in April 2019.[1] As a term of the consent judgment, the Association reserved its right to seek attorney's fees and costs, and plaintiff reserved his right to oppose such a motion. The consent judgment also awarded plaintiff $350 to resolve his claims but entered judgment against him as well. Thus, the Association was entitled to $12,390 from plaintiff for unpaid assessments.

Following the entry of the consent judgment, the Association filed two applications seeking awards of attorney's fees and costs: the first application was pursuant to Rule 4:58-1; the second was pursuant to New Jersey's Condominium Act, N.J.S.A. 46:8B-1 to -38, and the Association's master deed. These applications, combined, sought $138,000 in total legal fees. On September 29, 2019, the trial court entered two orders: (1) "granting motion for payment of counsel fees and costs pursuant to [Rule] 4:58-1," filed by the Association, and (2) "granting motion for payment of counsel fees and costs pursuant to [Rule] 4:58-1," again filed by the Association. On October 2, 2019, the trial judge issued an additional order, "granting [the] motion for payment of counsel fees and costs pursuant to the governing documents" filed

_____

[1] Plaintiff's attorney signed on April 11, and Association's counsel signed the judgment on April 17, 2019.

A-0790-19

by the Association. These orders awarded the Association $12,902.92 but did not explain the significant reduction from the $138,000 the Association sought. The Association appealed.

The Association does not appeal the underlying determination that it is entitled to a fee award, but asserts that the orders ignore a large portion of the fees requested and the court did not properly apply the rules related to a determination of a legal fee award. The Association argues the trial court improperly merged facts and law and did not separately address each application.

The court's orders combine the Association's separate and distinct applications, failing to address the Rule 4:58 application, and further fail to provide a separate analysis of the Association's Condominium Act application. Furthermore, the orders erroneously apply New Jersey Rule of Professional Conduct (RPC) 1.5(a) to reduce fees.

Rule 4:58-3 imposes mandatory financial consequences on a party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment. Serico v. Rothberg, 234 N.J. 168, 176 (2018). The Rule seeks to prevent a party who has rejected a settlement from escaping mandatory payment for costs that were incurred because of that rejection. Id. at 176-77.

4

In general, the purpose of <u>Rule</u> 4:58 is "as a mechanism to encourage, promote, and stimulate early out-of-court settlement of . . . claims that in justice and reason ought to be settled without trial." <u>Willner v. Vertical Reality, Inc.</u>, 235 N.J. 65, 81 (2018) (internal quotation omitted).

Here, the trial court's September 27, 2019, orders state the attorney's fee and cost awards were appropriate pursuant to <u>Rule</u> 4:58-1. Nevertheless, the two orders each state that the Association sought only $15,529.92 and are devoid of explanation for the court's reduction of that amount under <u>Rule</u> 4:58. Instead, the orders provide an attached statement of reasons for reduction under RPC 1.5(a), resulting in a total award of $12,902. RPC 1.5(a) states that "[a] lawyer's fee shall be reasonable," and lists eight factors to be considered in determining the reasonableness of a fee. RPC 1.5(a)(1) to -(8). The court provided scant explanation for how it arrived at these figures, or why its starting point was so significantly far from the Association's original application of $65,905.53 in its offer of judgment. The court's order was conspicuously silent on whether it considered the affidavits that, as required by RPC 1.5, accompanied the Association's application. Thus, the trial court's reduction here was in error.

A-0790-19

New Jersey's Condominium Act, N.J.S.A. 46:8B-1 to -38, entitles a condominium association to an award of reasonable attorney's fees and costs "if authorized by the master deed or bylaws." N.J.S.A. 46:8B-15(e). In this way, the Legislature intended for the collection of association fees to be analyzed separately and not reduced by "payment of 'reasonable attorneys fees' incurred in the process of collection" of such funds. Park Place East Condo. Assn v. Hovbilt, Inc., 279 N.J. Super 319, 323-24 (Ch. Div. 1994). Put another way, the unit owner must reimburse the association for fees incurred in its collection efforts. See ibid.

Here, the Association's second application was filed pursuant to New Jersey's Condominium Act, N.J.S.A. 46:8B-1 to -38, and sought $71,397. The trial court's order granted the Association's application in an October 2, 2019, order, but merely stated the motion was granted for the statement of reasons attached in the September 27, 2019, order. No separate opinion was issued on the Condominium Act application.

Rule 1:7-4(a) requires a court "find the facts and state its conclusions of law thereon in all actions tried without a jury . . . ." "Trial judges are under a duty to make findings of fact and to state reasons in support of their conclusions." Giarusso v. Giarusso, 455 N.J. Super. 42, 53 (App. Div. 2018)

A-0790-19

(quoting Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996)). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Ibid. (quoting Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008)). "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4." Id. at 54 (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)). Thus, when a trial court does not "supply its reasoning[,]" an appellate court is "constrained to remand [on that] issue." Colon v. Strategic Delivery Sols., LLC, 459 N.J. Super. 349, 364 (App. Div. 2019).

Because the trial court's analysis is inadequate and incomplete, we are constrained to reverse and remand for legally cognizable findings under Rule 1:7-4(a) consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0790-19